UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DACO INVESTMENTS, LLC, ET AL.**                    **CIVIL ACTION NO. 6:22-CV-1444**

**VERSUS**                                           **JUDGE ROBERT R. SUMMERHAYS**

**US SMALL BUSINESS**                                **MAGISTRATE JUDGE DAVID J. AYO**
**ADMINISTRATION, ET AL.**

**RULING AND ORDER**

Presently before the Court is Plaintiffs' Motion For Entry Of Partial Final Judgment Or, In The Alternative, For Certification Of Interlocutory Appeal Under 28 U.S.C. § 1292(b) [ECF No. 54] ("the motion"). Plaintiffs request leave to appeal the Court's ruling on the parties' cross motions for summary judgment by entering a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). Alternatively, Plaintiffs ask the Court to certify the ruling for interlocutory appeal under 28 U.S.C. § 1292(b). Defendants do not oppose either of the Plaintiffs' requests for relief, but, in the event the Court permits appeal through any method, request that the Court stay further proceedings pending review by the appellate court. [ECF No. 62] That request for a stay is unopposed.

**I.**
**BACKGROUND**

Plaintiffs in this matter are individual businesses engaged in the business of lending money, together with their trade association, the American Financial Services Association.[1] Plaintiffs sued the United States Small Business Administration ("SBA") and other government entities, alleging that regulations promulgated by SBA to implement the Paycheck Protection Program violated the terms of the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act") and the

---

[1] ECF No. 52 at 5.

Administrative Procedures Act ("APA"). Plaintiffs also alleged that those regulations were the result of an unconstitutional delegation of legislative power, and that their creation violated the major questions doctrine. Plaintiffs further alleged that SBA denied their requests for loan forgiveness but granted forgiveness to similarly situated lending businesses.[2]

The parties filed cross motions for summary judgment. The Court held that, as a matter of statutory interpretation, the regulations at issue did not violate the CARES Act or the APA, and granted summary judgment to Defendants on those questions.[3] The Court further ruled that the regulations did not stem from an unconstitutional delegation of power and did not violate the major questions doctrine, and granted summary judgment to Defendants on those questions.[4] Finding genuine issues of material fact existed, the Court denied summary judgment to either party on the question of whether Plaintiffs were treated differently than similarly situated entities.[5]

Plaintiffs now seek leave to appeal the Court's orders denying them summary judgment by either entering a partial final judgment under Rule 54(b) or certifying the orders for interlocutory appeal under 28 U.S.C. § 1292(b).

## II.
## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 54(b),

> When an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[2] ECF No. 52 at 1-5.
[3] ECF No. 52.
[4] *Id.*
[5] *Id.*

In determining whether to enter a final judgment as to one claim or party, the Court must act as a "dispatcher" and weigh and balance the contending factors.[6] As such, it is left to the sound judicial discretion of the Court to determine the "appropriate time" when each final decision in an action is ready for appeal.[7] This discretion is to be exercised "in the interest of sound judicial administration."[8]

If a final judgment is present, the court must decide whether administrative interests and the equities involved present any just reason for delay. Administrative interests implicate "the historic federal policy against piecemeal appeals."[9] The Fifth Circuit has explained that Rule 54(b) "reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'"[10] Therefore, a court should consider whether an appellate court "would have to decide the same issues more than once even if there were subsequent appeals"[11] If the administrative interests do not weigh against entry of judgment, the Court must consider the equities at issue. According to the Fifth Circuit, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[12]

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and

---

[6] *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956); *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 12 (1980).
[7] *Mackey*, at 435.
[8] *Id*. at 437.
[9] *Id*.
[10] *Eldredge v. Martin Marietta Corp*., 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus., Inc. v. Harrison Cty. Wastewater Mgmt. Dist*., 81 F.3d 1412, 1421 (5th Cir. 1996)).
[11] *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988).
[12] *PYCA Indus., Inc*., 81 F.3d at 1421.

that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Courts may, therefore, certify an interlocutory order as appealable if three conditions are met, namely: (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion concerning the legal question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. The decision to permit an appeal under section 1292(b) is firmly within the district court's discretion.[13] Review under section 1292(b) is not a mechanism to question the correctness of a district court's ruling or to obtain a second, more favorable opinion.[14] The issue for appeal must involve a question of law—not fact.[15] Further, a "question of law" does not mean the application of settled law to disputed facts.[16]

For purposes of section 1292(b), a "controlling question of law" is "one that has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine …."[17] When the core of a dispute is a "pure question of law" and presents a question that "the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait until the end of the case."[18] Questions that only involve interpretation of statute or regulation are appropriate for interlocutory appeal under section 1292(b).[19]

---

[13] *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 405 n. 9, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004).
[14] *McFarlin v. Conseco Serv., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004).
[15] *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67 at 69 (holding that "fact-review" issues are inappropriate for section 1292 review).
[16] *McFarlin*, 381 F.3d at 1258 (citing *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674 at 676).
[17] *Lake Charles Harbor & Terminal Dist. v. Reynolds Metal Co.*, No. 2:17-CV-01114, 2021 WL 5828720, at *2 (W.D. La. July 21, 2021)(quoting *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*,219 F.3d 674, 676 (7th Cir. 2000)).
[18] *Id*. at 677.
[19] *See Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012).

The Court finds its orders granting summary judgment to Defendants on the questions of statutory and constitutional interpretation raised by Plaintiffs' claims are appropriate to be certified for interlocutory appeal. The orders do not constitute a final judgment for purposes of Rule 54(b). However, Plaintiffs' claims that the SBA regulations (1) violated the CARES Act, (2) violated the APA, (3) arose from an unconstitutional delegation of power, and (4) violated the major questions doctrine turn on pure questions of law. Additionally, there is substantial ground for difference of opinion, as evidenced by disagreement between circuit courts on some of the precise questions involved. Finally, immediate appeal would advance the ultimate termination of litigation and conserve judicial and party resources. Specifically, if the appellate court were to uphold this Court's rulings, proceedings could subsequently continue to trial with minimal wasted efforts. On the other hand, Plaintiffs' success on the merits of their statutory interpretation, APA, and constitutional claims could result in the need for additional proceedings before this Court, such that disallowing an immediate appeal would likely delay ultimate resolution of this litigation. In either event, the Court finds a stay necessary to conserve judicial and party resources and minimize the duplication of efforts required to resolve this matter.

Consequently, the Court will certify its orders on Plaintiffs' causes of action specified above for interlocutory appeal under 28 U.S.C. § 1292(b). In light of this decision, the Court denies the request to enter a partial final judgment pursuant to Rule 54(b).

Considering the foregoing,

IT IS HEREBY ORDERED that Plaintiffs' motion [ECF No. 54] is GRANTED IN PART. The Court's orders granting summary judgment to Defendants on Plaintiffs' claims that the SBA regulations (1) violated the CARES Act, (2) violated the APA, (3) arose from an unconstitutional delegation, and (4) violated the major questions doctrine are CERTIFIED FOR

INTERLOCUTORY APPEAL under 28 U.S.C. § 1292(b). Plaintiffs' request for entry of partial final judgment under Rule 54(b) is DENIED.

IT IS FURTHER ORDERED that the Defendants' request for stay [ECF No. 62] is GRANTED. This matter is STAYED pending the resolution of any interlocutory appeal taken by Plaintiffs. In the event Plaintiffs do not take a timely interlocutory appeal, the stay shall be lifted as of the passing of the deadline to file that appeal in the appellate court.

THUS DONE AND SIGNED this 29th day of April, 2024.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**